HATT, Estate of In re, Plaintiff-Appellee, v. WEISENBACH, Extrx, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20832. Decided December 22, 1947.

John R. Kistner, Cleveland, for plaintiff-appellee.
Robert Merkle, Cleveland, for defendant-appellant.

**OPINION**

By MORGAN, J.

Margaret Weisenbach was appointed and qualified by the Probate Court of Cuyahoga County as Executrix of the first will of Anna Hatt, deceased, on April 22, 1946. Letters testamentary to her were revoked by the same court on May 2, 1946. Later John R. Kistner was appointed Ancillary Administrator with the Will Annexed—the second will—of the same estate by the same court.

On April 22, 1947, the appellant filed in the Probate Court her "first partial account". In this account the appellant charged herself with all the assets of the estate received by her and credited herself with all expenditures made and also certain charges of administration.

On May 29, 1947, the appellee, John R. Kistner, Ancillary Administrator, filed exceptions to the said first partial account and also his motion "to strike the account from the files."

On June 2, 1947, the Probate Court granted the motion and made the following entry:

"The letters testamentary heretofore issued to Margaret Weisenbach as executrix of the will of Anna Hatt, deceased were heretofore revoked. It is therefore by the court ordered that the first partial account filed by Margaret Weisenbach in the estate of Anna Hatt, deceased, be and it is hereby stricken from the files in this case."

From this entry the appellant filed her appeal to this court.

The entry discloses that the probate court struck the partial account from the files for the reason that the letters testamentary issued to her had been previously revoked.

This reason fails to take into account that on April 22, 1946, letters testamentary had been issued to appellant which were not revoked until the following May 2, 1946. It therefore became the appellant's duty to file an account for the period she served as executrix. She also claims that the effect of her appeal from the order revoking her letters testamentary was to suspend the revocation order and she continued to act as executrix until the order of revocation was finally affirmed on appeal. We do not pass on this claim or express any opinion with reference to it.

We find that the striking of the first partial account from the files was arbitrary and prejudicially erroneous. An examination of the partial account does not disclose any item which justified such summary action, although we express no opinion as to any exceptions filed to the account.

The entry complained of is reversed and the cause is remanded for further proceedings according to law. Exceptions.

HURD, PJ, SKEEL, J, concur.